UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY YAWN,

    Plaintiff,

v.                              Case No. 1:22cv249-AW-HTC

JOHN PALMER, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's amended complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 11. Upon consideration and for the reasons set forth below, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

Plaintiff is an elderly inmate in the custody of the Florida Department of Corrections ("FDOC"), who is currently housed at the Cross City Correctional Institution ("CCCI"). ECF Doc. 11 at 2, 5. In his original complaint, Plaintiff named five (5) defendants: (1) John Palmer, FDOC Regional Director – Region II Office; (2) former CCCI Warden Malloy; (3) Chief Health Officer R. Laubaugh; (4) Nurse

Laura Petersen; and (5) Nurse Simmons. Plaintiff alleged he was injured after he slipped and fell on a broken sidewalk while walking in knee-deep water and carrying his property during the flooding evacuation of CCCI on August 5, 2021. ECF Doc. 1. Plaintiff sought to assert Eighth Amendment claims for deliberate indifference against each Defendant. *Id.*

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court issued a detailed amend order advising Plaintiff he failed to state any claims for deliberate indifference and Defendants' actions "at best" amounted to no more than negligence. ECF Doc. 9 at 6–11. The Court nonetheless gave Plaintiff an opportunity to amend his pleading and provided him with specific directions on how to do so. *Id.* at 11–13. Yet, Plaintiff's amended complaint ignores the Court's instructions, recites virtually the same allegations, and repeats the same errors. ECF Doc. 11. Accordingly, the undersigned finds a second opportunity to amend would be futile.

## II. AMENDED COMPLAINT

Plaintiff's amended complaint names the same Defendants and sets forth the following factual allegations, which are accepted as true for purposes of this Report and Recommendation.

On or about August 5, 2021, Defendant Palmer was the Regional Director at CCCI and had the "sole responsibility" for "orchestrating the evacuation plan for [i]nmates, including Plaintiff." ECF Doc. 11 at 6. It was also his "sole responsibility

to insure [sic] that "Care/Custody/Control/Protection/Treatment[] was implemented and strictly enforced" and "it was his responsibility to ensure that the 'Security' and 'Grounds of Compound' was secured, safe and operative for all Employees, Volunteers and Inmates." *Id.* Palmer was also responsible for ensuring that when the security staff under his control forces inmates to walk on concrete, the "concrete [is] within safety precausations [sic]." *Id.* "Plaintiff has filed 'Numerous' of Grievances relating to this []Health/Safety[] hazardous condition." *Id.* at 7. Additionally, Defendant Malloy "has conducted numerous of 'Inspections/Tour of the 'SouthSide Compound,' and was aware of this hazards [sic] dangers for all employees and inmates" and "the substantial risk of serious harm." *Id.* at 8, 22.

Nonetheless, "Plaintiff was enforced [sic] by [Malloy] to walk in knee deep flooded waters on this very hazardous condition" and "there wasn't any lighting in front of the Southside Canteen area, on that very sidewalk." *Id.* at 7. Plaintiff was also forced to carry approximately seventy (70) pounds of his personal property, even though he had a health pass that prohibited him from lifting anything over ten (10) pounds, as a result of having had a "Major Surgery" in the past.[1] *See id.* Due

---

[1] Plaintiff has also attached the sworn affidavits of two fellow inmates, Samuel Lowry, ECF Doc. 10 at 3, and Kenneth Rucker, ECF Doc. 11 at 24–25, both of whom attest that: 1) Plaintiff fell during the evacuation; 2) both inmates helped him carry his property to the bus; 3) once at the bus, they encountered Malloy who used profanity and threw Plaintiff's bag on the ground. These affidavits are inconsistent with Plaintiff's allegations in the original complaint that Defendants would not allow Plaintiff to have others carry his property for him and his allegations here that he had to carry the property himself.

Case No. 1:22cv249-AW-HTC

to Palmer's "'Negligence' to addressed requirements" for sidewalk safety and based upon his "'Custom' or 'Policy' of orchestrated training on his Employees or Subordinate (Defendant Mr. Malloy)," Plaintiff slipped and fell, which "lead to Plaintiff being confined to excruciating and agonizing pain." *See id.* Subsequently, Malloy acted in "a frustrated, belligerent manner towards Plaintiff, and Others," exercised "[p]rofane" and "[a]busive language," told Plaintiff to "Shut the f[___] up," and "tossed Plaintiff['s] bag to the side in muddy water." *Id.* at 22.

"[O]nce Plaintiff was evacuated to [Taylor Correctional Institution-Annex]," he was "denied adequate medical treatment" by "Centurion Medical Staff who worked in a collaborated action." *Id.* at 7–8. The denial of adequate treatment was due to "the extreme pressure of hundreds of inmates being evacuated." *Id.* at 7. Specifically, Plaintiff was deprived of "access to receiving any []Grievances/Sick Call Requests." *Id.* at 7–8. It took over a year for Plaintiff to get scheduled for a "Surgery for fractured bones in his back area and Sciatica Nerve Damage relating to his Herniated Disk."[2] *Id.* at 8. During this time, Plaintiff was seen for "numerous" sick calls, where he reported his injuries. *Id.* at 9. He was also prescribed medication and completed eight weeks of physical therapy. *Id.* at 8–9. However, one medication "provided no relief," another was "staled," and a third one caused

---

[2] The Court notes that, later in the amended complaint, Plaintiff states surgery is *yet* to be scheduled. ECF Doc. 11 at 9, 12.

Case No. 1:22cv249-AW-HTC

Plaintiff "to have dizzy spells and faint." *Id.* at 9. Further, Defendant Petersen failed to issue Plaintiff "any []Cushion/Medical Boots/Backbrace/Neckbrace" and instead provided him with a "Handicap Cane," as well as a "No Prolonged Standing/No Lift or Push over (10 lbs)" pass. *Id.* Defendant Simmons labeled Plaintiff's sick calls as "Routine" instead of "Urgent" and "never process[ed] several of them." *Id.* at 12. Defendant Laubaugh "utilized 'Abuse' and 'Profane' language towards Plaintiff" and threatened him with confinement, "if Plaintiff did not sign where [Laubaugh] demanded." *Id.* To this date, Laubaugh has also failed to recommend an MRI scan despite knowing of Plaintiff's injuries since October or November of 2021. *Id.* "[A]fter several deprived months passing, a Catscan [sic] was ordered." *Id.* at 23.

Due to the delay in ordering a CT scan or providing adequate medical treatment, Plaintiff has been "Permanently Damaged . . . beyond repair." *Id.* at 9. Specifically, Plaintiff experiences "Numbness" and "Excruciating Pain" in the head, back, and neck, as well as numbness in both arms, both hips, feet and toes. *Id.* at 8. The ongoing pain weighs on Plaintiff "both 'Mentally' and 'Physically.'" *Id.* at 23. He also lost weight "due to not being able to get out of bed for various of meals." *Id.* at 8–9. "[A] serious major surgery is due to be scheduled" with the same outside provider who performed Plaintiff's prior surgeries. *Id.* at 9.

### III.   LEGAL STANDARD

Because Plaintiff is a prisoner seeking redress from governmental employees,

the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## IV.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). But simply inserting the "magic" words "8th [Amendment]" or "deliberate indifference" and "under the color of state law," *see* ECF Doc. 11 at 6, 11, is insufficient to state a section 1983 claim for an Eighth Amendment violation. *See, e.g.*, *Martin v. City of Atlanta, Ga.*, 2009 WL 10668302, at *24 (N.D. Ga. July 27, 2009) (observing that courts are concerned with the conduct alleged by plaintiff, "rather than whether the correct buzz words were used

in the complaint"), *report and recommendation adopted*, 2009 WL 10666378 (N.D. Ga. Aug. 25, 2009).

The Court previously cautioned Plaintiff against using conclusory allegations in lieu of stating the facts pertaining to his case, *see* ECF Doc. 9 at 12; yet, Plaintiff's amended complaint, like the original complaint, is also rife with legal conclusions and labels. Significantly, despite alleging Defendants acted "knowingly," "willful[ly]," with "callous indifference," and "reckless disregard," and that they were "'[m]otivated by actual malice,' vindictiveness and malfeasances [and] Evil Intent," *see* ECF Doc. 11 at 9, 12, the amended complaint is devoid of any facts sufficient to corroborate those claims or otherwise state a claim for relief. As Plaintiff himself admits, the claims here sound in negligence, not deliberate indifference.

### A. Eighth Amendment Claims Against Prison Officials

As set forth above, Plaintiff seeks to hold Palmer and Malloy liable under the Eighth Amendment for failing to repair the sidewalk and ordering him to walk on a broken sidewalk, despite his medical passes, during the evacuation. These are essentially the same allegations Plaintiff made in the initial complaint, which the Court held to be insufficient to state a claim under the Eighth Amendment. *See* ECF Doc. 9 at 7–9. They fare no better here.

The Eighth Amendment imposes an obligation on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal marks and citations omitted). A prison official violates the Eighth Amendment when his "act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Id.* (internal marks and citations omitted). A mere negligent failure to protect an inmate does not state a claim under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986).

To establish an Eighth Amendment violation, a plaintiff must show: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation." *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (citations omitted). The first element is an objective one and requires Plaintiff to show he had a serious medical need or was at risk for serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). The second element is a subjective one. *Id.* To satisfy the second element, Plaintiff must show (1) each defendant had subjective knowledge of a serious risk of harm, and (2) each defendant disregarded that risk (3) *by conduct that is more than mere negligence. Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotations omitted) (emphasis added).

Plaintiff's allegations fail to meet either element. A condition poses a substantial risk of serious harm if it is "so extreme that it poses an unreasonable risk

Case No. 1:22cv249-AW-HTC

of serious damage to the prisoner's health or safety." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). There must be a strong likelihood of injury as opposed to a mere possibility. *See Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). Similarly, the risk must be actual, rather than potential or speculative. *See Carter v. Galloway*, 352 F.3d 1346, 1323 (11th Cir. 2003).

Plaintiff, however, does not identify the extent of damage to the sidewalk, does not state that anyone has fallen and gotten injured as a result of the broken sidewalk, and based on the allegations, it appears the sidewalk's condition was obvious and well-known. At best, the sidewalk's condition posed a possibility for injury, but such a possibility is insufficient to meet the objective prong of Plaintiff's Eighth Amendment claim. *See Kreidler v. Thomas*, 2009 WL 3624378, *5 (M.D. Ala. 2009) ("mere possibility Kreidler could be injured by a falling window is not enough to establish deliberate indifference"). Regardless, a broken sidewalk does not, in and of itself, present a sufficiently serious risk of harm. *See Bolds v. Blackwood*, No. 4:13CV420–RH/CAS, 2014 WL 29446, at *2 (N.D. Fla. Jan. 3, 2014) (missing pieces of concrete from a sidewalk not found to pose "a risk of 'serious' harm"); *see also Hardin v. Baldwin*, 770 F. App'x 289 (7th Cir. 2019) (finding a sidewalk "littered with pot holes" did not present a sufficiently serious risk to support an Eighth Amendment claim). Thus, while Plaintiff contends, in a

conclusory fashion, the broken sidewalk presented a "substantial risk of serious harm," ECF Doc. 11 at 22, he has not alleged any facts showing such risk existed.

Second, the amended complaint is devoid of any facts showing Palmer or Malloy acted with deliberate indifference. The subjective element of a deliberate indifference claim requires "a prison official [to] have a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal marks omitted). In prison safety cases, that culpable state of mind is the equivalent of criminal recklessness. *See id.* at 837; *see also Barrand v. Donahue*, 2006 WL 2982051, at *2 (N.D. Ind. Oct. 16, 2006) (criminal recklessness is shown by "something approaching a total unconcern for the plaintiff's welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm"). "[T]here must be at least some allegation of a conscious or callous indifference to [the] prisoner's rights, thus raising the tort to constitutional stature." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (citation and internal quotation marks omitted). Moreover, where "decisions of prison officials are typically made 'in haste, under pressure, and frequently without the luxury of a second chance,' an Eighth Amendment claimant must show more than 'indifference,' deliberate or otherwise. The claimant must show that . . . officials . . . [acted] with 'a knowing willingness that harm occur.'" *Farmer*, 511 U.S. at 835–36 (internal citations and quotation marks omitted).

Here, Plaintiff has failed to allege any facts showing Palmer and Malloy acted with a culpable state of mind. Plaintiff admits the premises were being flooded and he has not claimed there was an alternative route to safety or that evacuations could be postponed until the sun came out. Indeed, it appears everyone had to evacuate under the same conditions. Although Plaintiff alleges Defendants were aware of the broken sidewalk, that knowledge alone does not establish deliberate indifference. *See Howard v. Hedgpeth*, 2011 WL 386980, at *11 (E.D. Cal. Feb. 3, 2011) ("not every deviation from ideally safe conditions amounts to a constitutional violation") (quoting *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)).

Similarly, the fact that Plaintiff told Malloy he had health passes is insufficient to show Defendants acted with reckless disregard for his safety. As the Court noted in the amend order, Plaintiff does not allege what specific medical condition prevented him from carrying weight nor does he state he told Malloy of that condition. *See Berger v. Young*, No. 3:21CV239-MCR-HTC, 2021 WL 4126296, at *6 (N.D. Fla. July 30, 2021) (a plaintiff "cannot meet the objective or subjective elements of a deliberate indifference claim simply by alleging that he had medical passes and [d]efendants knew of those passes"), *report and recommendation adopted*, No. 3:21CV239-MCR-HTC, 2021 WL 4126902 (N.D. Fla. Sept. 9, 2021).

At best and reading Plaintiff's allegations liberally, Palmer and Malloy may have been negligent, but that does not amount to a constitutional violation. *See*

*Smalls v. Berrios*, No. 3:06CV96/LAC/MD, 2007 WL 1827465, at *7 (N.D. Fla. June 25, 2007) (collecting cases showing that failure to take precautionary steps does not constitute deliberate indifference); *Smith v. Brown*, 2012 WL 5392154, at *2 (N.D. Ga. Sept. 25, 2012) (collecting cases and dismissing at screening Eighth Amendment claim based on a prisoner's slip and fall on wet floors as alleging mere negligence); *see also Arnold v. S.C. Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (prison kitchen supervisors who failed to repair a steam pot that malfunctioned and scalded plaintiff were negligent "at best").

Plaintiff has failed to state an Eighth Amendment claim[3] against Palmer or Malloy.

### B. Eighth Amendment Claims Against Medical Personnel

Plaintiff alleges the Defendant medical providers violated his Eighth Amendment rights by denying him medical treatment and delaying surgery for a year. As with Plaintiff's conditions of confinement claim, to state a claim for medical deliberate indifference, Plaintiff must allege facts sufficient to meet an objective and subjective element. Specifically, Plaintiff must show (1) he suffered from "an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm," and (2) that the prison official's response "to that

---

[3] Although Plaintiff also references the Ninth and Fourteenth Amendments, *see* ECF Doc. 11 at 11, as the Court previously advised Plaintiff, his claims arise under the Eighth Amendment.

Case No. 1:22cv249-AW-HTC

need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citations, quotations, and brackets omitted).

Assuming, for purposes of this report only, that Plaintiff can show he suffered a serious medical need, Plaintiff has failed to allege facts sufficient to meet the subjective element. Notably, while Plaintiff alleges, in a conclusory fashion, that he was denied medical treatment, Plaintiff's allegations and the documents attached to Plaintiff's original and amended complaints show otherwise.

For example, despite contending Nurse Simmons mislabeled or failed to process some of his sick-call requests, Plaintiff admits, and his medical records show, he was seen "numerous" times by the named Defendants and other medical personnel; he had X-rays performed; and he was provided various treatments, including at least three types of medication, pain-relieving cream, and physical therapy. Such treatments are more than minimally adequate, which is all the Constitution requires. *Hoffer v. Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); *see also Maglio v. Bhadja*, 2010 WL 5476731, at *4 (S.D. Fla. Dec. 13, 2010) (ongoing medical care and pain management were "more than minimally adequate"), *report and recommendation adopted*, 2010 WL 5478606 (S.D. Fla. Dec. 30, 2010); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (finding

Case 1:22-cv-00249-AW-HTC   Document 13   Filed 12/30/22   Page 14 of 17

Page 14 of 17

"numerous visits to the jail's infirmary" where plaintiff was examined by either a nurse or physician and was prescribed several types of medication constituted "significant" medical care).

Plaintiff also alleges Laubaugh and Petersen were deliberately indifferent in not recommending an MRI or CT scan and not providing him a cushion, medical boots, or neck or back braces, but Plaintiff states no facts showing any of those options were medically necessary, as opposed to merely desirable. *See Wright v. Alvarez*, 2018 WL 6046153, at *9 (M.D. Fla. Nov. 19, 2018) ("Although Plaintiff may believe a CT scan or an MRI or other procedures should have been done at an earlier period, a medical decision not to order a CT scan or MRI, or like measures, does not constitute cruel and unusual punishment under the Eighth Amendment."), *aff'd*, 797 F. App'x 455 (11th Cir. 2019); *Mitchell v. Thompson*, 2011 WL 7640083, at *6 (M.D. Ga. Nov. 18, 2011) (medical decision not to order back and neck braces or stronger medication not actionable under section 1983), *report and recommendation adopted*, 2012 WL 1080869 (M.D. Ga. Mar. 30, 2012), *aff'd*, 564 F. App'x 452 (11th Cir. 2014).

While Plaintiff may disagree with the effectiveness of the treatment provided; such a disagreement does not rise to the level of a constitutional violation. "Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference." *Lee v.*

*Alachua Cnty.*, No. 1:11-CV-00027-MP-GRJ, 2011 WL 2560287, at *1 (N.D. Fla. June 22, 2011) (dismissing at screening prisoner's Eighth Amendment claim because it was based on disagreement over the adequacy of treatment). Instead, when medical care is provided, the conduct can be actionable only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Stewart v. Lewis*, 789 F. App'x 825, 828 (11th Cir. 2019). Similarly, while the denial or delay of medical care for non-medical reasons can constitute deliberate indifference, *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011), here, Plaintiff admits the denial of adequate treatment was due to "the extreme pressure of hundreds of inmates being evacuated," ECF Doc. 11 at 7.

Plaintiff's allegations that the medication he received was ineffective, stale, or caused him side effects also do not rise to a constitutional violation. They do not show that any of the Defendant medical providers were subjectively aware the medication posed any risk to Plaintiff or that they willfully chose to disregard it. In fact, Plaintiff does not even allege Petersen knew the medication she allegedly prescribed was stale. *See* ECF Doc. 11 at 9. Absent claims from which the Court can infer deliberate conduct, Plaintiff has, at most, alleged Defendants may have been negligent, which is not enough to hold them liable under section 1983. *See, e.g.*, *Pasco v. Carter*, 2022 WL 1913015, at *5 (N.D. Fla. May 13, 2022),

(recommending dismissal of prisoner's claim for deliberate indifference based on nurses administering over ten times the prescribed dosage of insulin, because he set forth "no allegations from which the Court can infer that the [d]efendant nurses [acted] intentionally"), *report and recommendation adopted*, 2022 WL 1910122 (N.D. Fla. June 3, 2022).

Finally, Plaintiff's allegation that his surgery was delayed for a year does not state a claim for deliberate indifference. Delay in access to medical attention can violate the Eighth Amendment, when it is "tantamount to 'unnecessary and wanton infliction of pain." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir. 1994). Plaintiff has not alleged any facts to show that the surgery was needed sooner or that anyone delayed the surgery to intentionally cause Plaintiff harm. The fact that the surgery was recommended at some later time does not mean that it was necessary any earlier. As the Eleventh Circuit put it, "what one medical profession[al] determines at a later point in time does not support a claim of deliberate indifference." *See Ross v. Corizon Med. Servs.*, 700 F. App'x 914, 917 (11th Cir. 2017) (affirming grant of summary judgment to doctors who provided treatment, even though plaintiff was later diagnosed with cancer). This is especially true here, because Plaintiff's X-ray results did not show any "significant change" to Plaintiff's anatomy after the fall, so as to raise any immediate concerns. *See* ECF Doc. 1 at 45.

Plaintiff has not stated a claim under the Eighth Amendment against the Defendant medical providers.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 30th day of December, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 1:22cv249-AW-HTC